IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENATO OBANDO,

      Plaintiff,                     No. 2:13-cv-1259 MCE EFB P

     vs.

JERRY BROWN,

      Defendant.               FINDING AND RECOMMENDATIONS

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       To proceed with a civil action a plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis. This action must be dismissed because plaintiff has neither paid the filing fee, nor demonstrated that he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether an action was dismissed because it was frivolous,

malicious or failed to state a claim, the court must carefully evaluate the dismissal order and other relevant information. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); *O'Neal v. Price*, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)).

Court records reveal that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Obando v. Bush*, 2:02-cv-4564-UA-SH (C.D. Cal. Jul. 11, 2002) (order denying application to proceed in forma pauperis and dismissing action as frivolous and for suing immune defendant); (2) *Obando v. Lockyer*, 2:02-cv-7228-UA-SH (C.D. Cal. Oct. 11, 2002) (order denying application to proceed in forma pauperis and dismissing action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994))[1]; and (3) *Obando v. Norris*, 2:95-cv-6164-GHK-CT, (C.D. Cal. Sept. 28, 1995) (order dismissing action because plaintiff had not demonstrated that his conviction or sentence had already been invalidated).[2]

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d

---

[1] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489. Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS 93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013 U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

[2] This action also appears to have been dismissed pursuant to *Heck*, and therefore qualifies as a strike. *See Heck*, 512 U.S. at 486-87 (to bring a civil rights claim alleging an unconstitutional conviction or sentence, a plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus).

1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing). Rather, plaintiff requests that he be granted clemency and released from prison on the ground that he is innocent of the crime for which he is incarcerated. Dckt. No. 1. Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

Accordingly, it is hereby RECOMMENDED that this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 10, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3